**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDDIE D. WILSON, | No. 13-15184 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-01156-KJD-VCF |
| v. | |
| REPUBLIC SILVER STATE DISPOSAL, INC., DBA Republic Services of Southern Nevada, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Submitted November 18, 2014[**]

Before:     LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

Eddie D. Wilson appeals pro se from the district court's summary judgment

in his action alleging retaliation in violation of Title VII.  We have jurisdiction

under 28 U.S.C. § 1291.  We review de novo, *Ray v. Henderson*, 217 F.3d 1234,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1239 (9th Cir. 2000), and we affirm.

The district court properly granted summary judgment because Wilson failed to raise a genuine dispute of material fact as to whether there was a causal link between his alleged protected activity and defendant's decision to not rehire him. *See Westendorf v. W. Coast Contractors of Nev., Inc.*, 712 F.3d 417, 422 (9th Cir. 2013) (setting forth elements of a prima facie case of retaliation and stating that the plaintiff must show that protected conduct was a but-for cause of the adverse employment action); *Raad v. Fairbanks N. Star Borough*, 323 F.3d 1185, 1197-98 (9th Cir. 2003) (decision makers' knowledge of protected activity necessary for causation).

We reject Wilson's contentions regarding the district court's exclusion of evidence.

We do not consider matters raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**